Rey NICULA, Plaintiff–Appellant,

v.

FIRST UNUM LIFE INSURANCE
COMPANY; and "Plan 501",
Defendant–Appellee.

No. 00–55968.
D.C. No. CV–98–07732–FAF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Dec. 18, 2001.

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

### MEMORANDUM *

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, from a challenge brought by plaintiff Rey Nicula seeking disability welfare benefits from defendant First UNUM Life Insurance Company ("UNUM"). The district court concluded that Nicula had presented only a claim for physical, not psychological, disability and entered judgment for UNUM after a *de novo* review of UNUM's termination of benefits. We have jurisdiction over Nicula's appeal from the district court's judgment pursuant to 28 U.S.C. § 1291. We affirm.

### I.

### Psychological Claim

■ Nicula argues that the district court erred in concluding that his asser-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tions of a psychological disability were a "litigation construct." We review a district court's factual findings for clear error. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 n. 6 (9th Cir.1999). Although UNUM apparently was aware that Nicula suffered from depression, it is undisputed that Nicula did not formally file a claim for disability based on a psychological condition. He claimed disability benefits based only on his physical injury. The references to depression found in the administrative record do not contain direct assertions that Nicula's psychological problems would prevent him from working. Moreover, Nicula failed to raise a claim of psychological disability during the administrative appeal despite the fact that he was represented by counsel and had obtained his entire claim file from UNUM. In light of these facts, we find that the district court did not clearly err in finding that Nicula fabricated a psychological claim after his claim of physical disability failed during the administrative proceedings.

## II.

### Treating Physician Rule

Nicula argues that the district court erred in upholding UNUM's termination of benefits when UNUM did not give the opinion of his treating physician more weight than the opinions of the non-treating physicians. We review this mixed question of law and fact *de novo. United States v. Female Juvenile (Wendy G.)*, 255 F.3d 761, 765 (9th Cir.2001).

■ Assuming the treating physician rule applies in the ERISA context, the rule allows a plan administrator to afford the treating physician less deference if it gives specific, legitimate reasons for doing so that are based on substantial evidence in the record. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). As the district court concluded, the surveillance videotape and report, which

showed that Nicula had feigned his physical disability, constituted substantial evidence sufficient to justify giving less deference to Nicula's treating physician. UNUM did not violate the treating physician rule.

## III.

### Independent Medical Examination

Nicula also complains that the district court should not have upheld UNUM's termination of benefits when UNUM failed to subject Nicula to an independent medical examination. This too is a mixed question of law and fact, which we review *de novo. Female Juvenile (Wendy G.)*, 255 F.3d at 765.

■ There is no absolute requirement of an independent medical examination. Where, as here, other substantial evidence rebuts the opinion of the insured's treating physician, an independent medical examination is not necessary. In this case, the surveillance videotape and report provided substantial evidence that Nicula was not physically disabled. Thus, UNUM was justified in rejecting the contrary opinion of Nicula's treating physician.

## IV.

### Extrinsic Evidence and Independent Medical Expert

■ Finally, Nicula contends that the district court abused its discretion in refusing to admit evidence outside the administrative record and appoint an independent medical expert to assist the court. Nicula wanted to introduce psychiatric records, he wanted to testify himself, and he wanted to present the testimony of his former psychiatrist, his pain specialist, and two treating therapists. Nicula did not indicate what these people would say if allowed to testify. He claimed only that their testi-

mony would show that he is totally disabled.

■■ Judicial review of a plan administrator's denial of benefits ordinarily is limited to what was presented to the plan administrator. *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993). However, we have held that a district court, in its discretion, may consider evidence that was not before the plan administrator "when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir.1995). Evidence that could easily have been submitted to the administrator is disfavored. *Kearney*, 175 F.3d at 1091 (9th Cir.1999).

Nicula did not make an offer of proof that would allow us to evaluate whether his evidence could have been submitted to the administrator, or whether it would tend to disprove the video surveillance showing that he is not physically disabled. There is no basis for finding that the district court abused its discretion in excluding Nicula's extrinsic evidence.

■ Finally, Nicula challenges the district court's refusal to appoint an independent medical expert to assist it in deciphering the medical records. It is true that an independent medical expert should be appointed when there are complex medical issues. *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999) (approving the appointment of an independent medical expert when the medical evidence in the record is "confusing and conflicting"). However, this case simply does not involve incomprehensible or conflicting medical evidence.

## V.

### Conclusion

Finding no error in the district court's decision, we affirm.

AFFIRMED.